FILED
MAY 23 2001
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH L. McIRVIN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 99-A-1362-S |
| ) | |
| JAMES WILLIS, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action the plaintiff, an inmate at the Dale County Jail at the time of filing this complaint, alleges that he was denied access to the courts during his confinement in the Jail. He claims that the actions of the defendants violated his constitutional rights under the First Amendment. He seeks six million dollars in compensatory damages and injunctive relief.

Pursuant to the orders of this court, the defendants filed a special report and supporting evidentiary materials addressing the plaintiff's claims for relief. The court deems it appropriate to treat the special report as a motion for summary judgment. This case is now pending before the court on the defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof,

and the plaintiff"s response thereto, the court concludes that the plaintiff's claims are due to be dismissed, and that the defendants' motion for summary judgment is due to be granted.

## DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claim. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Id.*; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). The record before the court indicates that the plaintiff has failed to

establish that there is any genuine issue as to a material fact in order to avert judgment in favor of the defendants.

**B. THE CLAIMS**

1. The Denial of Access to the Law Library

The plaintiff alleges that while incarcerated in the Dale County Jail serving a six month sentence which he "wanted to appeal," his requests to use the jail law library was refused. *Complaint* at 2.; *Response in Opposition to Special Report* at 1. He claims that "due to [his] lack of knowledge of [the] time limit [and] procedure of appeal, when [he] finally put something together [and] presented it to the court, [his] appeal was denied" because it was untimely filed. *Attachment to Complaint* at 1.

The defendants assert that there was no basis for the plaintiff's request to use the library because his time for filing an appeal had expired prior to his first written request. *Affidavit of Willis*.

To establish a *Bounds*[1] violation an inmate must show the existence of actual injury. *Lewis v. Casey*, 518 U.S.343, 116

---

[1] In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that prisoners are entitled to a reasonably adequate opportunity to present claims of constitutional violations to the courts.

3

S.Ct. 2174 (1996).

It is undisputed that the verbal requests by the plaintiff to use the law library were denied because the plaintiff would not give any reason for his request. It is also undisputed that the first and only written request for use of the library was submitted by plaintiff to the jail staff on August 17, 1999. *Defendants' Exhibit* A. In this request, he stated in support of his request that he needed to work on his appeal of the July 28, 1999 conviction. *See Defendants Exhibit* A. The time for appeal regarding this conviction had expired at that time.[2] Moreover, the plaintiff did not file a request for reconsideration of the denial to use the library to the chief jailer, or an appeal to the Sheriff as afforded by jail procedure.[3]

The plaintiff admits that he is familiar with Dale County Jail procedure and expressly admits that he knew about the use of

---

[2] Alabama law provides that "[a] defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo." Rule 30.1(a), *Alabama Rules of Criminal Procedure*.

[3] The Dale County Jail has a written *Policy and Procedure Directive Manual* which allows any inmate to submit a written inmate request form to the chief jailer regarding any grievance. *Defendants' Exhibit* B. The inmate may also appeal any decision of the Chief Jailer to the Sheriff. *Defendants' Exhibit* B.

4

written inmate request forms. See *Defendants'Exhibit* 3, *Sworn Statement of Plaintiff* at 2. The plaintiff fails to show how any action of the defendants actually hindered his efforts to pursue any nonfrivolous legal claim and, therefore, plaintiff has failed to show the requisite injury. *Id*. In the absence of any indication of ultimate prejudice or disadvantage, defendants are entitled to summary judgment on this claim. See *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

2. The Denial of a Notary

The plaintiff claims that "[o]n November 3, 1999, [h]e presented paperwork (the pending complaint) to Capt. James Willis to notarize, he refused to do so." *Complaint* at 3. The plaintiff claims that this action of the defendant denied him access to the court because the "paperwork would not be excepted (sic) by the court" without a notary stamp and signature.

The defendant admits that he did not notarize the paper presented to him at that time. The defendant states that he "refused to Notarize this single piece of paper because I did not know what it was and because it was not filled out." *Affidavit of Willis* at 4.

The fact that the plaintiff did not receive free notary service does not offend the constitution. Furthermore, this

5

court does not require inmate pleadings to be notarized. This claim is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment filed by the defendants be GRANTED and that this case be DISMISSED with prejudice. It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the plaintiff.

Done this 23 day of May, 2001.

JOHN L. CARROLL
UNITED STATES MAGISTRATE JUDGE

CIVIL ACTION NO. 99-A-1362-S

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23 day of May, 2001.

JOHN L. CARROLL
UNITED STATES MAGISTRATE JUDGE